UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AHKIN RAYMOND MILLS,
    Plaintiff,

v.

GARY SWARTHOUT,
    Defendant.

Case No. 14-cv-00255-JCS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner Ahkin Raymond Mills seeks federal habeas relief under 28 U.S.C. § 2254 from his state conviction. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent Gary Swarthout shall file a response to the petition on or before June 30, 2017.[1]

## II. BACKGROUND

On August 12, 2009, the Alameda County Superior Court sentenced Mills to an indeterminate term of twenty-five years-to-life, enhanced by twenty-five-years-to-life, following a jury's verdict on May 12, 2009, of guilty of one count of first-degree murder in violation of California Penal Code § 187, with a finding of firearm discharge under California Penal Code § 12022.53(d)(1). He appealed his conviction and sentence to the Court of Appeal, which affirmed the conviction and judgment, and then to the California Supreme Court, which also affirmed in an order filed October 18, 2012. The instant petition was filed on January 16, 2014, within a year of the date on which the 90-day statutory period for filing a petition for writ of certiorari from the

---

[1] Petitioner, the only party yet to appear in this action, has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1   United States Supreme Court expired.

2   Mills is presently in custody at the High California State Prison - Solano in Vacaville,
3   California.

### III. ANALYSIS

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Mills asserts that the trial court prejudicially violated his Sixth and Fourteenth Amendment rights to due process and jury trial when it instructed the jury to accept a conclusive presumption that he was legally sane for purposes of the guilt phase of the trial. When liberally construed, these claims are cognizable in a federal habeas corpus action.

### IV. CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination form on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. No later than June 30, 2017, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Mills's claims. Respondent shall file with the answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Mills wishes to respond to the answer, he shall do so by filing a traverse with the Court within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, no later than June 30, 2017, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Mills shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file a reply within fifteen (15) days of the date any opposition is filed.

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:  March 28, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge